## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHERYL LOOS,**

**Plaintiff,**

-vs-                                                       **Case No. 5:10-cv-102-Oc-18TBM**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

**Defendant.**

## ORDER

THIS CAUSE comes for consideration on Plaintiff Cheryl Loos's appeal from a final

decision of the Commissioner of the Social Security Administration ("the Commissioner")

denying her application for social security disability. (Doc. 11, filed July 26, 2010.) The

Commissioner responded in opposition. (Doc. 12, filed Sept. 21, 2010.) The Magistrate Judge

in this case issued a Report and Recommendation suggesting the Commissioner's decision be

reversed. (Doc. 14, filed Nov. 18, 2010.) The Commissioner objected to the Magistrate's

Report. (Doc. 15, filed Nov. 30, 2011). Because the decision to deny Loos disability benefits

is based on substantial evidence, this Court respectfully declines to adopt the Magistrate's

Report and affirms the Commissioner's decision to deny benefits.

### I. Background

This matter began when Loos filed an application for disability insurance benefits,

alleging her disability began in December of 2004. (R. 94-95, 112, 188.) The Social Security

Administration ("SSA") denied her application initially and again upon reconsideration. (R. at 21.) Loos then requested and received a de novo hearing before an Administrative Law Judge ("ALJ"). Loos was represented by counsel at the hearing and testified on her own behalf.

At the hearing, Loos explained that she suffers from fibromyalgia, frequent headaches, migraines, and diarrhea. (R. at 44-45.) She stated that she had a part time job in which she averaged twelve to fifteen hours a week working in customer service. (R. at 42-43.) Loos added that the job accommodated her need for frequent breaks but that she thought it would be ending soon because part-time positions were being eliminated due to a decline in national sales. (Id.)

The ALJ considered the testimony of Loos, as well as the diagnosis and treatment notes of her physician, Dr. Willis, and her entire medical records file. Ultimately, the ALJ denied her claim. (R. at 31.) After this, Loos sought to present additional evidence to the Appeals Council, which denied her request for review. This made the ALJ's decision the final decision of the Commissioner. (Doc. 14 at 4.) Loos now appeals the Commissioner's ruling to this Court.

## II. Standard of Review

"An ALJ's decision will be reversed only if the decision is not supported by substantial evidence." Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982) (internal quotation and citation

omitted). Even if the Court finds that the evidence weighs against the SSA's decision, the Court

must affirm if the Commissioner's decision is supported by substantial evidence. Martin v.

Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

### III. Discussion

Loos appeals the denial of her Social Security Disability application, arguing that she

is disabled under the terms of the Social Security Act and entitled to benefits. She claims that

the ALJ committed "harmful error" when he granted only "some" weight to the opinion of her

treating physician, Dr. Willis. (Doc. 11 at 9-10.) She also argues that the ALJ erred in ruling

that her depression was not legally severe. (Id. at 11.) The Court will address these points in

turn.

A. Weight Given to Dr. Willis's Opinion

In his decision, the ALJ conducted the five-step analysis required by the Social Security

Act.[1] See 20 C.F.R. § 404.1520. In step one, the ALJ found that Loos met the insured status

requirements of the Act and that she had not engaged in substantial gainful activity since

December 6, 2004. (R. at 23.) In step two of his analysis, the ALJ concluded that Loos suffers

from the following severe impairments: Epstein-Barr syndrome, degenerative disc disease of

---

[1]"An ALJ must evaluate the following five criteria in deciding whether a claimant is entitled to social security disability: (1) is the individual performing gainful activity; (2) does he have a severe impairment; (3) does he have a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can he perform his past relevant work; and (5) based on his age, education, and work experience, can he perform work of the sort found in the national economy." Perry v. Astrue, 280 F. App'x 887, 893 (11th Cir. 2008) (internal quotation and citation omitted).

the cervical spine, and fibromyalgia. (Id.) Nevertheless, the ALJ determined that the impairments were not so severe as to rise to the level of a disability. (R. at 25.) Thus, the ALJ proceeded to step four, where the ALJ concluded that Loos has the residual functional capacity to perform a full range of light work. (R. at 26.) In reaching this conclusion, the ALJ relied on objective evidence from the medical record.

First, the ALJ noted that Loos's fibromyalgia and degenerative disc disease were conservatively treated. (R. at 26.) He then considered that she retained good ranges of motion and full strength in her spine as well as her upper and lower extremities. (Id.) The ALJ also stated that Loos had exhibited no significant neurological defects and that no surgery was imminent or recommended for degenerative disc disease. (Id.) Finally, the ALJ noted that the medical record does not show that Loos suffers from chronic fatigue severe enough "to prevent her from functioning in a reasonable manner." (Id.)

Additionally, the ALJ considered the assessments of Loos's treating physicians in the medical record. The ALJ observed, "[n]o treating physician has described work-related limitations severe enough to preclude the claimant from sustaining light or sedentary work." (R. at 27.) The ALJ explained that a Disability Determination Services ("DDS") reviewer, on August 23, 2006, found Loos capable of performing "medium work." (R. at 26). On December 26, 2006, a DDS reviewer found Loos capable of "light work." (Id.) Moreover, the ALJ considered the examination conducted by Dr. Field. The examination revealed that Loos "exhibited no mental status or neurological abnormalities," and Dr. Field found no mental or

physical impairments upon assessing fibromyalgia, migraines, and lumbar and cervical strain." (Id.)

Considering these facts, the ALJ stated that "[Loos] retains the residual functional capacity for light work. . . . [which] is well supported by the weight of the objective medical evidence." (R. at 26.) The ALJ added that he considered the treating physicians' assessments of Loos's ability to work. (R. at 27.) Specifically, the ALJ noted Dr. Willis's assessments. Dr. Willis stated that Loos is unable to sit for more than a total of two hours in an eight-hour workday. (Id.) Dr. Willis wrote that Loos would be unable to stand or walk for more than one hour per day and estimated that Loos would miss work more than three times per month.

The ALJ directly addressed Dr. Willis's analysis, stating that the extent of the work-related limitations was not well supported by Dr. Willis's treatment notes or the objective medical evidence. (Id.) The ALJ pointed out that Dr. Willis's treatment notes show that Loos "has no serious physical or mental deficits." (Id.) Additionally, she possesses normal abilities to stand and walk, and has full use of her arms and hands. (Id.) Given the objective evidence and Dr. Willis's treatment notes, the ALJ concluded that "[s]ome, but not great or controlling weight" would be given to Dr. Willis's assessments. (Id.)

Loos responds by arguing in her motion that the ALJ erred in demanding objective diagnostic proof of fibromyalgia. (Doc. 11 at 10.) Loos contends that her subjective complaints, documented by Dr. Willis, along with subjective, diagnostic criteria are sufficient to show that she is disabled. (Id. at 11.) She points out that "[t]here are no objective tests to support the existence of fibromyalgia." (Id.) Instead, she explains that the presence of "tender

points" and the expression of pain and fatigue serve to diagnose fibromyalgia. Given that the ALJ's objections to Dr. Willis's assessments are not based on medical fact, Loos reasons, the ALJ's opinion should be overruled.

While the details of Loos's condition are striking, this Court is bound by its role to review the ALJ's decision. This Court cannot simply reverse the Commissioner if it disagrees with the result of the case. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). Rather, a court reviews the Commissioner's decision to determine whether it is supported by substantial evidence. Id. Here, the ALJ's opinion was based on substantial evidence. The ALJ did not demand objective proof of Loos's fibromyalgia; rather, he sought objective verification of her subjective statements. When the record did not support this finding, he ruled based on the evidence.

The Eleventh Circuit has addressed similar facts and upheld the decision of the ALJ. In Richardson v. Commissioner of Social Security, the Eleventh Circuit held that the ALJ relied on substantial evidence in denying the plaintiff's application for disability based on a diagnosis of fibromyalgia. No. 01-02465-CV-N-M, slip op. at 5-6 (11th Cir. 2003).[2] While the plaintiff in Richardson argued that the Commissioner demanded objective evidence, the Eleventh Circuit found that the Commissioner acknowledged the existence of fibromyalgia, but required objective evidence to confirm the severity of the pain and its limiting effects on the plaintiff.

---

[2]The Court notes that this is an unpublished opinion, and, per Eleventh Circuit Rules, not binding precedent. See 11th Cir. Rule 36-2; 11th Cir. R. 36, I.O.P. 7. Nevertheless, the Court calls attention to the similarities between the two cases for posterity's sake.

Id. at 5. As the court stated, "[t]he ALJ's demand for objective medical evidence . . . was nothing more than a proper application of [the law.]" Id. at 6.

Loos's case bears similar facts. While the ALJ found that her fibromyalgia is a severe impairment, he concluded that the objective medical record did not support her subjective claims of pain and that the treatment notes did not support Dr. Willis's assessments.

The ALJ's conclusions are justified when considering the medical record, treatment notes, and testimony on which the ALJ relied. It is not this Court's place to second-guess the decision of the ALJ. See, Miles, 84 F.3d at 1400 ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." (quoting Bloodsworth v. Heckler, 703 F.2d 1233, 1329 (11th Cir. 1983)). Thus, the motion must be denied.

B. Severity of Loos's Depression

Next, Loos argues that the ALJ erred in finding that her depression was not a severe impairment. She contends that the ALJ disregarded the treating psychologists's evaluation and instead erroneously relied on the results of state agency reviewers and the ALJ's personal observations of Loos at her hearing. (Doc. 11 at 12-13.) The Commissioner counters that the medical record and the opinions of two consultative physical examiners support the ALJ's conclusion. The Commissioner also asserts that the ALJ did not commit any error because the ALJ found, at step two of his analysis, that Loos had other severe impairments and moved on to the next step. Thus, the argument concludes, the ALJ did not commit reversible error.

In his order, the ALJ considered Loos's affective mood disorder, but determined that it "does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities." (R. at 25.) Thus, the ALJ found Loos's mental impairment (her depression) to be non-severe. In making this determination, the ALJ looked at "the four broad functional areas" set out in the Code of Federal Regulations. (Id.) The ALJ noted that Loos has mild limitation in her daily living; mild limitation in social functioning; mild limitation in concentration, persistence, or pace; and finally, that she has experienced no episodes of decompensation. (Id.) In addition to this, the ALJ considered the opinions of two state agency psychological consultants. Both consultants completed Psychiatric Review Technique forms, each concluding that Loos's mental impairment was not severe. (R. at 228, 280.)

Loos contends that the ALJ improperly relied on these opinions to the exclusion of Loos's medical records from the Marion-Citrus Mental Health Center and a consultative evaluation by Dr. Character. (Doc. 11 at 12.) But as the Magistrate Judge pointed out in the Report and Recommendation, neither the psychologist at Marion-Citrus, nor Dr. Character made findings that suggest that Loos's affective mood disorder caused more than mild limitations. (Doc. 14 at 7.) The notes from the treating physician at Marion-Citrus do not point to a severe mental impairment. (R. at 197-209.) Similarly, Dr. Character's diagnostic impression listed only mild depression. (R. at 279.) Given the opinions of the treating physicians and the conclusions of the reviewing state agency consultants, the ALJ's conclusion that Loos does not suffer from a severe mental impairment was justified.

Moreover, whatever the ALJ's classification of Loos's depression, it is irrelevant to this case because the ALJ found her other impairments were severe and continued his analysis. Thus, the ALJ committed no error. A finding of a single severe impairment is sufficient to satisfy the requirement of step two. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987) ("[T]he finding of any severe impairment . . . is enough to satisfy the requirement of step two."); see also Maziarz v. Sec'y of Health & Human Svcs., 837 F.2d 240, 244 (6th Cir. 1987) (noting that finding the claimant suffered from one impairment allows the ALJ to continue to the next step and ruling that, because the Secretary could consider the non-severe impairment in determining residual functional capacity at later steps, any error was harmless).

Finally, Loos contends that the ALJ substituted his own opinions and observations for those of Dr. Character and the evaluating psychologist at Marion-Citrus. (Doc. 11 at 13.) Nevertheless, the ALJ committed no error, even assuming he did rely on his own judgment, because he did not substitute his judgment for that of the evaluating doctors. Rather, the ALJ's evaluation merely confirmed what was already in the medical record: that Loos's depression was a non-severe mental impairment.

After considering both of Loos's objections to the ALJ's conclusion, the Court finds that the ALJ did not err in granting "some" weight to Dr. Willis's opinion, nor did the ALJ err in finding that Loos's depression was a non-severe impairment. As the ALJ concluded, "[a]lthough Ms. Loos is significantly impaired and feels pain, the objective evidence nonetheless indicates she is able to sustain light or sedentary work." (R. at 30.) This Court is satisfied that the ALJ relied on substantial evidence in making this determination. Based upon

this conclusion, there is no reason to disturb the results of the hearing. The ALJ's ruling will stand.

## IV. Conclusion

Upon consideration of the Report and Recommendation of the Magistrate Judge, and upon independent examination of the entire file, the Court declines to adopt the Magistrate's Report and Recommendation and **AFFIRMS** the final decision of the Commissioner. The Clerk of Court is directed to **ENTER JUDGMENT** and **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on this ___ day of March, 2011.

 

**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-10-